MANDATE

CTDC/NHCT
01-cv-2417
CHATIGNY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of November, two thousand and three.

PRESENT:
　　HON. RICHARD J. CARDAMONE,
　　HON. SONIA SOTOMAYOR,
　　HON. ROBERT A. KATZMANN,
　　　　Circuit Judges.

UNITED STATES COURT OF APPEALS
FILED
NOV 2 1 2003
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

---

DANIE DUZANT,

　　　　*Plaintiff-Appellant,*

　　v.                                           No. 03-7197

ELECTRIC BOAT CORPORATION,

　　　　*Defendant-Appellee.*

---

Appearing for Appellant:　　JOHN R. WILLIAMS, Williams & Pattis, New Haven, CT.

Appearing for Appellee:　　DANIEL A. SCHWARTZ, Day, Berry & Howard, Hartford, CT.

---

ISSUED AS MANDATE:
12/12/03

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, J.), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and REMANDED for further proceedings.

Plaintiff-appellant Danie Duzant ("Duzant") appeals from the judgment of the United States District Court for the District of Connecticut (Chatigny, J.) granting summary judgment in favor of his employer, defendant-appellee Electric Boat Corporation ("EBC"), on his claim that he was denied overtime because of his race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. Because we find Duzant has created an issue of fact as to whether he was denied overtime on account of his race, we vacate and remand.

Duzant is a longtime employee of EBC who, at the time this controversy arose, was a Senior Designer responsible for creating three-dimensional ("3-D") models of piping systems built by EBC. In June 1999, Duzant was transferred to a new department supervised by Janis Moore ("Moore"), who shortly thereafter began closely tracking his work and giving him deadlines he found unreasonable. Moore is Caucasian, and Duzant was the only African-American under her supervision. Duzant claims Moore monitored his work more closely than that of other employees because he is African-American. Additionally, Duzant claims Moore discriminated against him on account of his race by giving him an unsatisfactory performance review, chastising him for speaking with another African-American employee, and not offering him overtime work when all other employees in his department clocked an average of over 240 overtime hours.[1]

The district court found that only Moore's failure to offer Duzant overtime could constitute an adverse employment action under Title VII, but thereafter found that Duzant had failed to proffer sufficient evidence of Moore's discriminatory intent to survive summary judgment. Duzant's appeal is limited to challenging the district court's conclusion that a reasonable jury could not, on the basis of the proffered evidence, infer that race motivated the denial of overtime.

Duzant premises his prima facie case of discrimination on the claim that all other employees in his department received overtime hours while he, the only African-American, did not. EBC explains that Duzant was given no overtime because all of the overtime work that was "critical" during the period of time Duzant worked in Moore's department was two-dimensional

---

[1] Prior to filing the instant action, Duzant filed a grievance through his union complaining that his unsatisfactory performance review and the failure to give him overtime ran afoul of his employment contract. As a result, the performance review was ultimately stricken from Duzant's personnel record, and he was paid a sum equivalent to 80 hours of overtime.

("2-D") design, and Duzant was the only exclusively 3-D designer in the department. Because EBC has put forward "a legitimate non-discriminatory reason" for the disparity, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *Texas Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)), "the burden shifts back to the plaintiff to prove, by a preponderance of the evidence, that the real reason for the adverse employment decision was discrimination." *Mandell v. County of Suffolk*, 316 F.3d 368, 381 (2d Cir. 2003).

Duzant submits evidence that EBC's justification is pretextual and more evidence of his acrimonious relationship with Moore. Duzant argues that, taken together, this evidence provides a sufficient basis for a jury to conclude that EBC's justification is pretext for discrimination. We agree.

Duzant averred that there were other designers is his department – designers whom defendant concedes received overtime – who were doing 3-D work. Duzant further testified in his deposition that he was capable of doing the work for which other designers were being paid overtime, and that Moore knew he was capable of doing such work. Taking these facts as true and viewing all others in a light most favorable to Duzant, *see, e.g., Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003), we cannot agree that EBC either "'conclusively revealed some other, nondiscriminatory reason'" for denying Duzant overtime, or that "'there was abundant and uncontroverted independent evidence that no discrimination had occurred.'" *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (quoting *Reeves*, 530 U.S. at 148).

As evidence of racial discrimination, Duzant points to his proof of pretext, Moore's close tracking of him, Moore's completion of a performance review of him when his contract did not permit such evaluations, and Moore's scolding of him for speaking with another African-American employee on one occasion. Moore testified in her deposition that Duzant was only one of a handful of her employees whose work she tracked, and she pointed to one other Caucasian employee whose work she had found unsatisfactory. Moore further provides non-discriminatory reasons for each of the incidents of which Duzant complains, but it is not our role on a motion for summary judgment to decide whose version of events is the more credible. Moreover, even the Caucasian employee whom Moore stated she monitored in a manner similar to Duzant received overtime while Duzant did not.

In Title VII cases, we have made clear that summary judgment usually "may be defeated where 'a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.'" *Byrnie v. Town of Cromwell*, 243 F.3d 93, 102 (2d Cir. 2001) (quoting *Reeves*, 530 U.S. at 148); *see also Zimmermann*, 251 F.3d at 381 ("'[C]ircumstances in which plaintiffs will be required to submit evidence beyond' evidence establishing a *prima facie* case and evidence permitting a finding that a proffered explanation was false 'in order to survive a motion for judgment as a matter of law . . . will be uncommon.'") (quoting *Reeves*, 530 U.S. at 154 (Ginsburg, J., concurring)).

In the case at bar, the district court concluded that "a reasonable juror would be bound to find that it is at least as likely that Moore failed to give [Duzant] overtime because of [personal] animosity between the two" than it is that she failed to give him overtime because of racial animus. While there was undisputed evidence that Moore and Duzant did not get along, it is nonetheless for a jury to weigh this evidence against the circumstantial evidence of racial animus and to make a finding as to Moore's actual motivation. Although racial animus may well have played no part in Moore's failure to grant Duzant overtime, we cannot say that no reasonable juror could conclude otherwise.

The judgment, therefore, is VACATED and the case REMANDED for further proceedings.

FOR THE COURT:
ROSEANNE B. MACKECHNIE, Clerk

*Lucille Carr*

By: LUCILLE CARR, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Jammna J. Martinez*
DEPUTY CLERK