UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                    :
DANIE DUZANT,                       :
                                    :
    Plaintiff,                      :
                                    :
V.                                  :   CASE NO. 3:01-CV-2417 (RNC)
                                    :
ELECTRIC BOAT CORP.,                :
                                    :
    Defendant.                      :
```

ORDER

For the reasons that follow, defendant's motion for summary judgment on plaintiff's state law claims is granted in part and counts three through eight are dismissed.

Connecticut Fair Employment Practices Act (Count One)

The motion for summary judgment on the state discrimination claim is denied in light of the Second Circuit's decision reversing summary judgment on the federal discrimination claim.

Breach of Express and Implied Contract (Counts Three and Four)

The defendant has demonstrated that these claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because they are "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985).  Plaintiff has not objected.  Accordingly, the motion for summary judgment on these counts is granted, in the absence of opposition, for good cause shown.

Breach of Implied Covenant (Count Five)

This claim is also pre-empted by § 301 because it involves the parties' reasonable expectations under the CBA.   See Williams v. Comcast Cablevision of New Haven, Inc., 322 F. Supp. 2d 177, 185-86 (D. Conn 2004); Ortiz v. Prudential Ins. Co., 94 F. Supp. 2d 225, 240 (D. Conn. 2000).

Libel (Count Six)

Under Connecticut law, actions for libel must be brought "within two years from the date of the act complained of."  Conn. Gen. Stat. § 52-597.  Plaintiff filed this action in November 2001, more than two years after the alleged publication of the libelous evaluation.  Plaintiff has not identified any basis for avoiding the bar of the statute of limitations.

Negligent Infliction of Emotional Distress (Count Seven)

The actions alleged to have caused plaintiff emotional distress took place during the course of a continuing employment relationship.  Therefore, under Perodeau v. City of Hartford, 259 Conn. 729, 748-63 (2002), the claim is barred.  See Pecoraro v. New Haven Register, 344 F. Supp. 2d 840, 845 (D. Conn. 2004); Brunson v. Bayer Corp., 237 F. Supp. 2d 192, 208 (D. Conn. 2002).

Intentional Infliction of Emotional Distress (Count Eight)

Plaintiff contends that the defendant's allegedly discriminatory conduct constituted intentional infliction of emotional distress.  Under existing case law, however, monitoring, evaluating and disciplining employees, distributing bonuses, and assigning overtime are routine employment actions,

which do not expose employers to liability for intentional infliction of emotional distress, even if motivated by an improper purpose. <u>See</u> <u>Miner v. Town of Cheshire</u>, 126 F. Supp. 2d 184, 195 (D. Conn. 2000).

<u>Conclusion</u>

For the foregoing reasons, the motion for summary judgment is hereby granted in part and counts three through eight are dismissed.

So ordered.

Dated at Hartford, Connecticut this 30th day of January, 2006.

_____/s/_____<br>
Robert N. Chatigny<br>
United States District Judge